IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY COLLINS SMITH, § | | |
| TDCJ No. 02195008, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:21-cv-1338-M-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Rodney Collins Smith, a Texas prisoner, challenges his murder conviction – for which he received a life sentence – through this *pro se* 28 U.S.C. § 2254 action. *See State v. Smith*, F18-00143-V (292nd Jud. Dist. Ct., Dallas Cnty., Tex.). The conviction was affirmed on direct appeal. *Smith v. State*, No. 15-18-00491-CR, 2019 WL 1615353 (Tex. App. – Dallas, April 15, 2019, pet ref'd); *see also* Dkt. No. 3 at 3. The Texas Court of Criminal Appeals (CCA) refused Smith's petition for discretionary review (PDR) on August 21, 2019. *See id.*; *see also* Dkt. No. 3 at 4.

Smith then filed a state habeas application. He signed the state application on July 30, 2020, and the Dallas County Clerk filed it on August 10, 2020. *See* Dkt. No. 18-1 at 11, 30. On November 4, 2020, the CCA denied Smith's application without written order. *See Ex parte Smith*, WR-91,767-01 (Tex. Crim. App. Nov. 4, 2020).

1

On June 7, 2021, Smith placed his federal habeas petition into the prison mail system. *See* Dkt. No. 3 at 10. The Court referred the petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) pursuant to a standing order of reference from United States District Judge Barbara M. G. Lynn. The State responded, arguing that the petition is untimely. *See* Dkt. No. 18. Smith filed a reply. *See* Dkt. No. 22.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Smith's federal habeas petition as untimely.

## Legal Standards

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control."

*Menominee Indian Tribe*, 577 U.S. at 257.[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at

---

[1] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

4

329).²

## Analysis

Smith makes the following claims for federal habeas relief:

(1) He was denied effective assistance of counsel because his trial attorneys:

    a. Allowed hearsay testimony without an objection;
    b. Used invalid records during the trial;
    c. Improperly instructed him; and
    d. Failed to object to the improper conduct of their colleagues;

(2) The Prosecutor engaged in misconduct by:

    a. Giving an improper instruction to the jury that they need not prove him guilty beyond a reasonable doubt;
    b. Eliciting hearsay from witnesses;
    c. Presenting character witnesses instead of eyewitnesses, discrediting his reputation; and

---

² *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

      d. Presenting coerced and bolstered testimony;

  (3) There was insufficient evidence to support the verdict; and

  (4) The jury was constructed by the trial court and its jurors and none of Smith's.

Dkt. No. 3 at 6-7, 11.

But the State argues that Smith's federal habeas petition is untimely, and the undersigned agrees.

Because there is no argument or indication that any other accrual date applies under 28 U.S.C. § 2244(d)(1), Smith's federal habeas claims accrued – and the federal statute of limitations began to run – on the date on which his criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

The CCA denied Smith's PDR on August 21, 2019, and Smith did not file a petition for a writ of certiorari with the United States Supreme Court. *See* Dkt. No. 3 at 3-4. Therefore, Smith's conviction became final on November 19, 2019, when the time for filing a petition expired, and he had a year from that date, absent tolling, to file his federal petition. *See* 28 U.S.C. § 2244(d)(1)(A); SUP. CT. R. 13.1 (petition for a writ of certiorari is timely filed within ninety days after entry of judgment); *Lee v. Dretke*, No. 3-04-CV-0745, 2004 WL 2173489, at *1 (N.D. Tex. Sept. 27, 2004) (petitioner's conviction became final when the deadline for filing a petition for writ of certiorari expired) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).

AEDPA's limitations period is tolled during the pendency of a properly filed "application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Smith's federal limitations period was tolled from July 30, 2020 (the date on which he signed his state habeas application) until November 4, 2020 (the date that the CCA denied the application) – or 98 days. With the benefit of that tolling, his federal petition was due by February 25, 2021.

But Smith did not file his federal petition until June 7, 2021, so it was late by more than three months. Absent equitable tolling, Smith's federal habeas petition is untimely and should be dismissed.

Smith argues that his state habeas application was pending until April 19, 2021 – not November 4, 2020 – making July 26, 2021 or August 5, 2021 (depending on whether weekends and holidays are excluded) the deadline for filing a federal petition. *See* Dkt. No. 22 at 7. More specifically, Smith claims that, on December 17, 2020, he mailed a "notice of appeal" of the CCA's November 4, 2020 denial of his state application, which was ultimately dismissed by the Fifth District Court of Appeals on February 5, 2021. *See id.* at 5-7. Then, on April 19, 2021, that same court "affirmed" the dismissal. *See id.* at 6-7. In support of this sequence of events, Smith attaches the mandate from the dismissed appeal dated April 19, 2021. *See* Dkt. No. 22 at 9.

But Smith's appeal was improper and did not further toll the limitations period. As noted, on December 17, 2020, Smith sent a "notice of appeal" of the CCA's denial of his state habeas petition. The notice indicates that Smith was

7

appealing the denial pursuant to Texas Rules of Appellate Procedure 31 and 32. Dkt. No. 14-23. But Texas Rule of Appellate Procedure 32 gives instructions for filing docketing statements with notices of appeal and says nothing about whether an appeal is appropriate as a substantive matter. *See* TEX. R. APP. 32.1.

And Texas Rule of Appellate Procedure 31 – entitled "appeals in habeas corpus, bail, and extradition proceedings in criminal cases" – does not apply in habeas proceedings under Article 11.07 like Smith's. Instead, Article 11.07 provides the <u>exclusive</u> procedural mechanism for obtaining habeas relief in felony non-death penalty cases in which a petitioner is challenging a judgment of conviction. *See, e.g.*, *Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004) ("Article 11.07 provides the exclusive procedures and requirements for seeking habeas relief in non-death penalty cases, and the TCCA could not have exercised jurisdiction over Larry's state habeas application outside the procedures outlined in Art. 11.07."); *see also* George E. Dix & John M. Schmolesky, 43B TEX. PRAC., CRIMINAL PRACTICE AND PROCEDURE § 58:16 (3d ed.) ("Where the procedure set out in Article 11.07 of the Code of Criminal Procedure applies, it is exclusive remedy for a convicted defendant.").

And Article 11.07 says nothing about appealing the CCA's decision to deny (or grant) habeas relief pursuant to Rule 31. This makes sense because the CCA is the court of last resort in Texas on criminal matters and there is no other state court to which a petitioner could appeal the denial of a habeas

8

application. *See*, *e.g.*, *State v. Briggs*, 171 Tex. Crim. 479, 351 S.W.2d 892, 894 (1961) ("The Court of Criminal Appeals is the court of last resort in this state in criminal matters.").

This contrasts with other habeas procedures – like those in community supervision cases – that specifically allow for a Rule 31 appeal of the trial court's decision to deny habeas relief in whole or in part. *See* TEX. CODE CRIM. PROC. art. 11.072 (specifying that "[i]f the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure").

In sum, because Smith's appeal of the CCA's denial of his habeas petition was not proper, it did not further toll the federal limitations beyond November 4, 2020. *See*, *e.g.*, *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (per curiam) (noting that the appropriate question in determining whether state request for post-conviction relief tolls AEDPA deadline is whether it was properly filed).

Nor is there any basis to apply equitable tolling. Smith does not specifically argue for equitable tolling, but he does note that, for unexplained reasons, he did not receive notice of the CCA's November 4, 2020 denial of his habeas application until December 17, 2020. *See* Dkt. No. 22 at 6. But, even if this delay was an extraordinary circumstance, Smith still had until February 25, 2021, to file a federal habeas application and did not do so. He instead waited until June 7, 2021.

This lack of diligence precludes equitable tolling. *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (noting that the Fifth Circuit looks to how "quickly [a petitioner] pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application:" petitioners that filed in federal court within a week, three weeks, or a month were deemed diligent, while a petitioner that waited seven weeks to file in federal court was deemed non-diligent) (citing *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (per curiam) (three weeks); *Hardy v. Quarterman*, 577 F.3d 596, 597 (5th Cir. 2009) (per curiam) (one week); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam) (one month); *Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010) (per curiam) (seven weeks)).

## Recommendation

The Court should dismiss Smith's application for a writ of habeas corpus with prejudice as untimely.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination

is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: October 17, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE